# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-478V
UNPUBLISHED

| | |
|---|---|
| MEREDITH POTTS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2022<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 11, 2021, Meredith Potts filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on September 30, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner filed a declaration with her petition but did not file any other supporting documents. The declaration did not address the duration of her shoulder injury. Exhibit 1. On February 2, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5.

On May 13, 2021, Petitioner's counsel filed a status report advising that "Petitioner has verbally authorized Counsel to Withdraw Petitioner's claim. Counsel is awaiting return of written authorization to take the necessary steps to withdraw Petitioner's claim." ECF No. 7. On July 9, 2021, counsel filed a status report advising

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that she had been unable to obtain the written authorization to withdraw Petitioner's claim. ECF No. 8. On August 9, 2021, counsel filed a status report advising that she still had not been able to obtain written authorization and requested guidance on how to proceed. ECF No. 9.

The August 19, 2021 order required counsel to file a status report clarifying if an April 5, 2021 phone call was the last communication with Petitioner, detail the attempts to communicate with Petitioner since that call, and confirm whether counsel has been able to obtain Petitioner's medical records. ECF No. 10.

On October 18, 2021, counsel filed Petitioner's medical records, a Statement of Completion, and a status report. ECF Nos. 12-14. In the status report, counsel confirmed that she had not communicated with Petitioner since April 5, 2021, and detailed the attempted communications since that date.

Prompted by the filing of medical records and a Statement of Completion, a Pre-Assignment Review was conducted on this case. I issued an order on November 3, 2021, requiring Petitioner to file a PAR Questionnaire and medical records in support of the severity requirement, i.e., that her shoulder injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. ECF No. 11. On November 29, 2021, Petitioner filed a PAR Questionnaire. ECF No. 16.

After the due date for Petitioner's medical records lapsed, I issued an order on February 10, 2022, requiring Petitioner to file medical records or at least a supplemental affidavit in support of the severity requirement. On May 13, 2022, counsel filed a status report advising that she still had not been able to obtain written authorization to withdraw Petitioner's claim. ECF No. 18. In email correspondence on June 9, 2022, with Respondent's counsel copied, an OSM Staff Attorney clarified that counsel's status reports had not yet indicated that Petitioner would be unable to meet the severity requirement and that clarification on this point would allow a show cause order to issue.

On June 14, 2022, Petitioner's counsel filed a status report indicating that Petitioner is unable to meet the severity requirement and that Petitioner continues to be out of touch. ECF No. 19.

On June 24, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 20. On July 12, 2022, counsel filed evidence that the Order to Show Cause had been served on Petitioner by certified mail. ECF No. 21.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling

precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the June 24, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since April 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."